IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GEORGE HUFF,

      Petitioner,

vs.                                        Case No. 4:04cv308-RH/WCS

JAMES McDONOUGH,[1]

      Respondent.

_____/


## REPORT AND RECOMMENDATION ON MOTION FOR BELATED APPEAL

This cause is before the court on Petitioner's motion for belated appeal.  Doc. 30.

Petitioner also filed a letter to the clerk, which is addressed ahead.  Doc. 29.

Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus was denied with

prejudice.  Docs. 20 (report and recommendation), 23 (order adopting

recommendation), and 24 (judgment entered on the docket on September 1, 2005).

_____

[1]James McDonough succeeded James Crosby as Secretary for the Department
of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

Petitioner received the report and recommendation on July 6, 2005, and filed objections on July 18, 2005 (the date of his signature).  Doc. 21.  He filed a motion for appointment of counsel on August 5, 2005.  Doc. 22.

The motion for counsel was denied in the same order adopting the report and recommendation, and the judgment was entered the same day.  Docs. 23 and 24.  Notice was electronically sent at the time of docketing to counsel for Respondent, and delivered by "other means" (*i.e.*, U.S. Mail) to Petitioner at the former address for Sumter Correctional Institution.  Docs. 23 and 24 (annotations to docket entries).  There is no showing that any documents were returned undelivered.

Petitioner submitted a letter of inquiry and notice of address change dated November 14, 2005.  Doc. 25.  He had not been transferred, but indicated that the mailing address of Sumter Correctional Institution (where he had been incarcerated since the petition was filed) had changed effective November 1, 2005.  *Id.*  He asked for information on the status of the habeas corpus petition and the motion for counsel.  *Id.*

The clerk made a docket entry on November 18, 2005, to reflect that docs. 20, 23 and 24 had been remailed to Petitioner at the new address.  Docket entry 26.  There is no showing that this mailing was returned undelivered.

The next document filed was Petitioner's motion to supplement the record dated June 9, 2006.  Doc. 27.[2]  The motion was denied.  Doc. 28 (order of June 16, 2005).

---

[2] The motion sought to supplement the record by introducing a photograph of the victim's surgical wound.  The photo was not before the undersigned in preparing the report and recommendation, as noted in the district court's order.  Doc. 23, p. 2 and n. 1 (noting that one of the "weakest claims" was Petitioner's challenge to admission of this photograph, that the recommendation was "surely correct in concluding that admission of the photograph affords no basis for relief," but giving Respondent the opportunity to

"The habeas corpus petition was denied and judgment entered on September 1, 2005. No appeal was taken.  Petitioner should not file further documents in this closed case." *Id.* Doc. 28.

In his letter to the clerk dated July 24, 2006, Petitioner states that he filed a motion for relief from judgment by giving it to prison officials for mailing on June 27, 2006.  Doc. 29.  He asks for acknowledgment of receipt of the motion for relief from judgment.  The docket does not reflect that such a motion was filed, or indeed that anything was filed between the June 16th order and Petitioner's July 24th letter to the clerk.   In his motion for belated appeal dated August 22, 2006, Petitioner asserts that his petition was denied on September 1, 2005, yet not mailed until November 18, 2005, past the time for filing an appeal.  Doc. 30, p. 1.  He states that he did not at any time receive the order denying his petition, but discovered that judgment had been entered only when he received the order denying his motion to supplement.  *Id.*, p. 2.  He has presented responses to inmate requests showing that he did not receive any legal mail in September and October, 2005.  Doc. 30, p. 6.  This, however, does not cover the second mailing in November, 2005.  Nonetheless, it will be assumed that Plaintiff did not receive the mailings indicated in the court's docket as it does not affect the outcome.

A notice of appeal must generally be filed within 30 days of the entry of judgment; the time may be extended on motion filed no later than 30 days after the time has expired.  Fed.R.App.P. 4(a)(1)(A) and 4(a)(5).  On entry of an order or judgment, the

---

file the photograph so that it would be part of the record in the event of an appeal).

clerk shall serve notice of the entry on the parties, "and shall make a note in the docket of the service."  Fed.R.Civ.P. 77(d).  However,

> Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

*Id.  See also* Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1309 (11th Cir. 2002) (quoting this part of the rule).

Aside from an extension of time, Rule 4(a) gives the court authority to reopen the time for appeal when the moving party did not receive notice of the judgment or order sought to be appealed.  Fed.R.App.P. 4(a)(6).  The court may reopen the time for filing a notice of appeal for up to 14 days from entry of the order to reopen if, *inter alia*, the motion to reopen is "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier."  Fed.R.App.P. 4(a)(6)(A).[3]

Before this subsection was included in 1991, "neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of a judgment or order fails to receive such notice."  279 F.3d at 1309.  "By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a

---

[3] In Vencor, it appeared that the second and third conditions, that the moving party was entitled to notice but did not receive it within 21 days after entry of the order or judgment, and that no party would be prejudice, could likely be satisfied.  *Id.*, at 1309. Here too the court will assume these conditions could be satisfied.

dispositive order against the need to protect the finality of judgments." *Id.* Prior to this amendment, a Fed.R.Civ.P. 60(b) motion for relief from judgment was available for a party who had not received notice until after the time for appeal had expired. *Id.*, at 1310 (citation omitted).

But since 1991, "[u]nder the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order." *Id.* Based on the plain language of the rule and advisory committee notes to the amendment, "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," and Rule "60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)." *Id.*, at 1311 (collecting cases). Therefore, even assuming Petitioner did not learn of the order and judgment denying § 2254 relief until he received the court's order of June 16, 2006, the judgment may not be reopened because over 180 days has passed. *Id.*[4]

---

[4] The Eleventh Circuit also rejected the argument that, even if Rule 60(b) did not allow relief, the "unique circumstances doctrine" should apply. *Id.* The mere failure of the clerk to serve notice standing alone was not a judicial assurance or action calling for application of the doctrine, even before 1991. *Id.*, at 1312 and n. 5. The later acceptance of two notices of supplemental authority in support of a motion for reconsideration, accepted by the clerk for filing after the motion for reconsideration had already been denied, did not constitute judicial action, and they were accepted for filing after the time for appeal had already expired so could not have prevented a timely notice of appeal. *Id.*, at 1312. Here, Petitioner's notice of address change (filed after the appeal period had expired but before it was too late for an extension of time) prompted the clerk to remail the order and judgment to him at the new address. The motion to supplement the record was filed long after the time for appeal and the 180 days to reopen the period had expired, and it prompted the court's order which notified Petitioner that judgment had been entered. The "unique circumstances doctrine," to the extent it is still viable, is not implicated.

It is therefore respectfully **RECOMMENDED** that Petitioner's motion for belated appeal (doc. 30), construed as a motion to reopen the time for appeal or alternatively as a Rule 60(b) motion, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2006.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**